UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SAN FRANCISCO TECH.,

      Plaintiff,

   v.

BAYER CORP.,

      Defendant.

11 Civ. 402 (LBS)

**MEMORANDUM &
ORDER**

---

SAND, J.

  Plaintiff San Francisco Technology ("SF Tech") brings this *qui tam* action against Defendant Bayer Corporation for its alleged violation of the false marking section of the Patent Act, 35 U.S.C. § 292. Defendant moves to dismiss the Complaint for failure to state a claim upon which relief can be granted. For the reasons stated herein, the motion is granted, provided however that Plaintiff may file an Amended Complaint within 30 days.

**I. Background**

  Section 292 of the Patent Act prohibits the use, "in connection with any unpatented article, [of] the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public." 35 U.S.C. § 292(a). Violators "[s]hall be fined not more than $500 for every such offense." *Id*. Although § 292 is a criminal statute, "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States." *Id*. at § 292(b).

  The instant action was severed from an action brought by Plaintiff against Bayer and approximately 20 other defendants in the U.S. District Court for the Northern District of

California. The parties and allegations are completely unrelated except to the extent that each defendant was charged with violating § 292 in their production of one or more products.

In this action, Plaintiff alleges that Bayer falsely marked a product called Ketostix® Reagent Strips for Urinalysis ("Ketostix") with an expired patent number. Ketostix provide a way to test urine for the presence and concentration of acetoacetic acid (ketone). Bayer marks the Ketostix product packaging with U.S. Patent Number 4,147,514, which expired no later than November 22, 1997. Plaintiff alleges upon information and belief that Bayer intentionally marked the products with the expired number "long after" the expiration of the patent and that it did so "to induce the public to believe that each such product is protected by each patent listed and with knowledge that nothing is protected by an expired patent." Compl. ¶¶ 60–61. Falsely marked Ketostix products were sold in retail stores in 2010. Compl. ¶¶ 58–61.

## II. Standard of Review

On a motion to dismiss, a court reviewing a complaint will consider all material factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Lee v. Bankers Trust Co.*, 166 F.3d 540, 543 (2d Cir. 1999). In the recent *BP Lubricants* case, the Federal Circuit confirmed that "Rule 9(b)'s particularity requirement applies to false marking claims." *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1309 (Fed. Cir. 2011). Although Rule 9 permits that "intent, knowledge, and other conditions of a person's mind may be alleged generally," *BP Lubricants* held that a complaint "must in the [§] 292 context provide some objective indication to reasonably infer that the defendant was aware that the patent expired." *Id*. at 1311.

## III. Discussion

To establish false marking, two elements must be shown: (1) marking an unpatented article and (2) intent to deceive the public. *Forest Grp., Inc. v. Bon Tool Co.*, 590 F.3d at 1300.

Plaintiff satisfies the first element. For the purposes of this motion, it is not disputed that the patent identified on Ketostix packaging expired in 1997. An article covered by a now-expired patent qualifies as "unpatented." *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1361 (Fed. Cir. 2010). Although Plaintiff provides only information and belief allegations that Bayer printed the marked Ketostix packaging after the expiration of the patent, the exact date of the marking is "peculiarly within the knowledge of the defendant, and cannot be exactly stated by the plaintiff." *Fish v. Manning*, 31 F. 340, 341 (S.D.N.Y. 1887). Furthermore, Plaintiff's belief is supported by the allegation that the marked product was sold by retailers in 2010, approximately thirteen years after the patent expired.

The question of intent to deceive the public is more difficult. "Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true." *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005). The Federal Circuit has held that "the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public." *Pequignot v. Solo Cup*, 608 F.3d at 1362–63. This presumption is "weaker" where, as here, "the false markings at issue are expired patents that had previously covered the marked products." *Pequignot*, 608 F.3d at 1364 (quotation marks and citation omitted).

Furthermore, *BP Lubricants* held that factual allegations sufficient to activate the presumption are not necessarily sufficient to satisfy Rule 9. That a plaintiff "pled the facts necessary to activate the . . . presumption is simply a factor in determining whether Rule 9(b) is satisfied." *In re BP Lubricants*, 637 F.3d at 1313. A complaint must still "provide some objective indication to reasonably infer that the defendant was aware that the patent expired." *Id.*

3

at 1311.  For example, a plaintiff may identify the individuals who knew the patent expired, or "allege that the defendant sued a third party for infringement of the patent after the patent expired or made multiple revisions of the marking after expiration."  *Id*. at 1312.  Allegations that a company is "sophisticated . . . and has experience applying for, obtaining, and litigating patents" are not enough under Rule 9(b).  *Id*. at 1312.

     Plaintiff alleges on information and belief that Bayer intentionally marked the products with the expired patent number in order to deceive the public.  In support of these allegations, Plaintiff points out that Bayer continued using the expired patent number for thirteen years after it expired in 1997, an amount of time it argues is sufficient to infer that Bayer knew the patent had expired.  Indeed, these facts differ sharply from those of *BP Lubricants*, in which the patent had expired five years before Plaintiff brought suit.  637 F.3d at 1309.  Nevertheless, the argument is tantamount to that rejected in *BP Lubricants*, to wit, that a sophisticated company knows or should know the length of their patents and when each has expired.  Even if this satisfies the presumption, it "does not, standing alone, satisfy Rule 9(b)'s particularity requirement," and there are no other facts alleged from which the Court could infer intent to deceive.  *In re BP Lubricants*, 637 F.3d at1313.  There is no evidence that Bayer redesigned the packaging, revised the patent language, or printed other materials containing the patent number since it expired.

     As the Court noted at oral argument, it is highly probable that a brief period of discovery of Bayer would answer most of the questions relating to Bayer's state of mind.  *See* Tr. 10, 16, May 25, 2011.  However, Rule 9(b) places the burden of initial allegation on Plaintiff, not on Defendant or the Court.  This is particularly appropriate in the unique context of § 292, a criminal statute tendering a fiscal award to a civil plaintiff.

The allegations of intent to deceive are insufficient to satisfy the high standard set by *BP Lubricants*, and the Complaint is dismissed with leave to amend.[1]

### IV. Conclusion

For the reasons set forth herein, the Complaint is dismissed, provided however that Plaintiff may submit an Amended Complaint within 30 days of this Order.

SO ORDERED.

Dated: June 6, 2011
New York, NY

_____
U.S.D.J.

---

[1] The Court need not address Defendant's motion in the alternative to stay these proceedings pending the Federal Circuit's decision in *United States ex rel. FLFMC, LLC v. Wham-O, Inc.*, Federal Circuit Appeal No. 2011-1067.